```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JULIAN MOODY,

                        Plaintiff,
        v.                                              16-CV-4977 (PGG)

THE DEPARTMENT OF EDUCATION OF THE
CITY OF NEW YORK,THE DEPARTMENT OF
HEALTH AND MENTAL HYGIENE OF
THE CITY OF NEW YORK, THE OFFICE
OF SCHOOL HEALTH, THE OFFICE OF
SCHOOL FOOD SERVICES AND THE
CITY OF NEW YORK ("DOE").

                        Defendants
------------------------------------------------------------X
```

## MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO CHANGE VENUE

### PRELIMINARY STATEMENT

Plaintiff JULIAN MOODY, through his attorneys from Stewart Lee Karlin Law Group, P.C., respectfully submits this Memorandum of Law in opposition to Defendant's Motion to change venue.

### STATEMENT OF THE FACTS

a. **Overview of Relevant facts**

This case arises upon violations of the American Disabilities Act, 42 U.S.C. § 12132 (ADA) and section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Section 504"). In essence, the Defendants (collectively "DOE"), whose headquarters is located in New York, New York, failed to accommodate Plaintiff's specialized dietary needs from March 2007 through June 2013 while he was a minor enrolled at the school. Specifically, Plaintiff requested accommodations given his new Type 1 Diabetes Mellitus diagnosis and the Department of Education

1

unreasonably refused to: (1) evaluate, develop and implement Plaintiff's 504 Plan by the 504 Team, with parental participation and approval, pursuant to Section 504, as requested by his parent and physician for the 2006-2007, 2007-2008, 2008-2009, 2009-2010, 2010-2011, 2011-2012 and 2012- 2013 school years; (2) clock in and process the referral for evaluation, development and implementation of Plaintiff's Individualized Education Plan ("IEP") by the IEP 3 of 20 4 Team, with parental participation and approval, pursuant to IDEIA, as requested by the parent on July 3, 2007, despite the DOE launching of the Special Education Student Information System ("SESIS"), a special education accountability system, to wit, the Moody vs DOE, et al case gave birth to; (3) provide copies of Plaintiff's 504 Plans and IEPs to his parent for review and approval; (4) comply with the New York State Protocol for Children with Type 1 Diabetes ; (5) heat up Plaintiff's home-made food using a school microwave, pursuant to Section 504, ADA, USDA and IDEIA; (6) supervise Plaintiff's food intake during school lunch and snacks, pursuant to Section 504, ADA, USDA and IDEIA; (7) provide Plaintiff with a Special Needs Menu (specially prepared meals) pursuant to USDA, Section 504 and ADA; (8) develop and implement Plaintiff's Contingency/Pendency Plan, with parental participation and approval; (9) develop and implement Plaintiff's Individualized Diabetes Medical Management Plan ("IDMP") by the Diabetes Health Care Team, with parental participation and approval, pursuant to the New York State Protocol for Children with Type 1 Diabetes and the American Diabetes Association Protocol; (10) conduct a Cost-Benefit Analysis evidencing hardship prior to denying Plaintiff's requested accommodation to heat up his home-made lunches, pursuant to Section 504, and ADA, (11) convene Plaintiff's 504 meeting and/or IEP meeting, with prior parental invitation, pursuant to Section 504 and ADA; (12) provide Plaintiff's parent with Procedural Safeguards Notices, pursuant to Section 504 and IDEIA; (13) render a written decision and/or Prior Written Notice

("PWN") on Plaintiff's 504 requests for accommodations for the school years 2006-2007 through 2012-2013 and parent's request for IEP evaluation dated July 3, 2007, pursuant to Section 504, IDEIA, New 4 of 20 5 York's Regulations of the Commissioner of Education (8 N.Y.C.R.R. § 200) and New York City education and health laws (Chancellor Regulations A-710, A-701 and others), which were enacted as a result of the Moody vs DOE, et al case); (14) comply with the American Diabetes Association's Protocol for children with Diabetes at School; (15) process/execute Plaintiff's 504 requests for special dietary accommodations by the OSFS; (16) disseminate/share Plaintiff's 504 Plans and/or IEPs among the staff involved in his education throughout his attendance at the DOE (in school and extracurricular activities); (17) implementing/delivering Plaintiff's 504 accommodations via the school nurses during the 2006-2007 through 2012-2013 school years, without written parental consent and approval; (18) retaliating against Plaintiff by not allowing his sister Diamond Moody to attend PS/IS 270Q or any other lottery school in District 29, despite numerous parental requests; (19) marking Julian absent instead of excusing his absences while he was hospitalized due to his new diagnosis of Type 1 Diabetes Mellitus, despite numerous parental requests and submission of documentary evidence; (20) retaliating against Plaintiff by failing to correct/amend Plaintiff's and Diamond's attendance records, despite timely submission of supportive documentation to PS/IS 270Q and PS 136Q, as well as filing of complaints at the federal, state and city governmental levels by the parent.  Complt. ¶ 6.

b. **Procedural History**

Initially, this case was filed by Plaintiff's mother Aura Moody, who initiated an action on behalf of her son Julian Moody due to Plaintiff's status as a minor when the events that gave rise to this action occurred.  The case was filed in the Eastern District of New York but was

dismissed on procedural grounds, in particular because Plaintiff was no longer a minor and he was supposed to be designated as the Plaintiff in this cause of action, not his mother.  For this reason, Plaintiff's attorney filed the instant case, having Julian Moody as the Plaintiff in this action.  Initially Plaintiff's attorney filed this case in the Supreme Court, County of New York (Case Number: 154287/2016) since this Court has concurrent jurisdiction with the instant Court.  Plaintiff filed in New York County as the Defendant's headquarters are located in New York County, Defendant's counsel's office is located in New York County (a few blocks from the courthouse) and Plaintiff's attorney's office is located in the Financial District in New York County.  Thereafter, Defendant removed the case to the Southern District of New York and now wants to transfer the Eastern of New York.

## ARGUMENT

## POINT I

### STANDARD OF REVIEW ON A MOTION TO CHANGE VENUE

It is well settled that 28 U.S.C. section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Rule 12(b)(3) further states that a party may move to dismiss a case for "improper venue". **These provisions therefore authorize dismissal only when venue is "wrong" or "improper" in the forum in which it was brought** [emphasis added].  Atlantic Marine Const. v. US Dist. Court, 134 S. Ct. 568 (2013).

Further, This question — whether venue is "wrong" or "improper" — is generally governed by 28 U.S.C. § 1391 (2006 ed., Supp. V). That provision states that "[e]xcept as otherwise provided by *law* ... this section *shall* govern the venue of *all civil actions* brought in

district courts of the United States." § 1391(a)(1). It further provides that "**[a] civil action may be brought in — (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located**; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." § 1391(b).

**Moreover, the U.S. Supreme Court has held that when venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper**; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a) [Emphasis added]. Atlantic Marine Const. v. US Dist. Court, 134 S. Ct. 568 (2013).

Here, for the following reasons set forth in POINT II and because the Defendant's headquarters are in New York County, venue is proper and thus, Defendant's motion to change venue should be dismissed in its entirety.

### POINT II

**THE WITHIN ACTION SHOULD NOT BE TRANSFERRED
TO THE EASTERN DISTRICT AS PLAINTIFF FILED THIS ACTION
IN THE PROPER VENUE LOCATED IN NEW YORK COUNTY,
WHERE THE DEFENDANT MAINTAINS ITS HEADQUARTERS
AND WHERE PLAINTIFF AND DEFENDANT'S
ATTORNEYS MAINTAIN THEIR OFFICES.**

After applying the standards this Court should utilize in deciding Defendant's motion to change venue, as illustrated in POINT I, Defendant's motion should be denied in its entirety as the current venue is proper. See POINT I, *Supra*.

Here, Plaintiff complies with 28 U.S.C. § 1391 stating that "[a] civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." § 1391(b).  In the case at hand, Plaintiff filed in New York County, which is the judicial district in which the Defendant resides by virtue of maintaining its headquarters at 52 Chambers Street, New York, New York 10007, about two block from the Courthouse.  In addition, Plaintiff's attorneys maintain its offices also in New York County, at 111 John Street, New York, NY 10038.  Further, Defendant's counsel's office is also located in New York County, at 100 Church Street, New York, New York, 10007 which happens to be a few blocks from the Courthouse where this action currently lies.  For this reasons, venue is proper and there is no reason to transfer the within case to the Eastern District.

Moreover, regarding Defendant's considerations and convenience argument, section 1404 (a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice. <u>Norwood v. Kirkpatrick</u>, 349 US 29.  The Supreme Court has recognized that the purpose of the section is to prevent the waste "of time, energy and money" and "to protect litigants, witnesses and the public against unnecessary inconvenience and expense . . . ." To this end it empowers a district court to transfer "any civil action" to another district court if the transfer is warranted by the convenience of parties and witnesses and promotes the interest of justice. This transfer power is, however, expressly limited by the final clause of § 1404 (a) restricting transfer to those federal districts in

which the action "might have been brought. Continental Grain Co.v. Barge FBL-585, 364 U. S. 19, 26, 27. In addition, although "motions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis, the burden of "demonstrating that transfer is proper" falls on the moving party. See In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992) (citing Stewart Org. Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)). See also Indian Harbor Ins. Co., 2013 U.S. Dist. LEXIS 38001, at *11. In the case at hand, Defendant has not satisfied its burden because it has not demonstrated that venue in New York County is improper. This is because Defendant cannot show that the transfer is warranted as the Defendant's headquarters are located in New York County and thus, venue is proper under 28 U.S.C. § 1391. Therefore, there is no valid reason for the transfer under the statute.

Further, Defendant's convenience argument also fails as a matter of law since as mentioned Defendant's headquarters, Defendant's counsel's office and Plaintiff's counsel's office are all located in New York County which makes the Southern District not only a proper venue but the most convenient one to hear the within action. It should also be noted that the Courthouses are about two miles apart and about two train stops. The convenience argument is thus meritless.

Lastly, Defendant's judicial economy argument also fails as a matter as of law as the within case was dismissed from the Eastern District on procedural grounds, precisely because Plaintiff's mother could not be the Plaintiff in the litigation but rather had to be Mr. Julian Moody who is currently over eighteen years old. Thus, the case was dismissed on procedural grounds not substantive grounds and hence, the case is proper and is currently in the proper venue. If the case was dismissed on substantive grounds, then the Plaintiff would not have been

7

permitted to bring the instant action. The fact that Plaintiff's mother brought the case in another county before is inconsequential as this is not the standard to decide a motion to change venue but rather whether the current venue is improper. After this, then the Court decides whether the current venue is inconvenient and against judicial economy.

Here, because none of these factors apply, Defendant's argument fails as a matter of law and therefore its motion to change venue should be dismissed in its entirety.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to change venue in its entirety and grant further relief as this Court deems just and proper.

Dated: New York, New York
December 05, 2016

Respectfully submitted,
STEWART KARLIN LAW GROUP, P.C.

s/*Natalia Kapitonova*
Natalia Kapitonova, Esq.
Attorneys for Plaintiff
111 John Street, 22 Fl.
New York, NY 10038
(212) 792-9670